ORIGINAL

1    **STUEVE SIEGEL HANSON LLP**
     Jason S. Hartley (SBN No. 192514)
2    550 West C Street, Suite 610
     San Diego, California 92101
3    Phone: (619) 400-5822
     Fax: (619) 400-5832
4    *hartley@stuevesiegel.com*

5    **LITE DEPALMA GREENBERG, LLC**
     Bruce D. Greenberg (*pro hac vice* to be filed)
6    Allyn Z. Lite (*pro hac vice* to be filed)
     Susana Cruz Hodge (*pro hac vice* to be filed)
7    Two Gateway Center, 12th Floor
     Newark, New Jersey 07102
8    Tel: (973) 623-3000
     Fax: (973) 623-0858
9    *bgreenberg@litedepalma.com*
     *alite@litedepalma.com*
10    *scruzhodge@litedepalma.com*

E-filing

11

   *Attorneys for Plaintiff and the Class*
12

JCS

13          **UNITED STATES DISTRICT COURT**

14         **NORTHERN DISTRICT OF CALIFORNIA**

15            **SAN FRANCISCO DIVISION**

16

17    **ROSACLAIRE BAISINGER, on**     CASE NO.: **CV 11 4581**
     **behalf of herself and all others**
18    **similarly situated,**           **CLASS ACTION**

19                   **COMPLAINT FOR DAMAGES,**
          **Plaintiff,**           **EQUITABLE, DECLARATORY**
20                   **AND INJUNCTIVE RELIEF**
          **v.**
21                   **DEMAND FOR JURY TRIAL**
   **KASHI COMPANY, a California**
22    **Corporation,**

23           **Defendant.**

24

25

26      Plaintiff, by her attorneys, brings this class action against Defendant Kashi

27    Company ("Kashi"), on her own behalf and on behalf of all others similarly

28

                                    **COMPLAINT**

1    situated, and alleges as follows based upon information and belief and the

2    investigation of her counsel:

3

4                              **INTRODUCTION**

5           1.      This is a class action on behalf of a nationwide class of consumers who

6    purchased Kashi food products, beginning four years prior to the date of the filing

7    of this Complaint through the present ("Class Period"), that despite being packaged,

8    marketed and sold as "All Natural" and containing "nothing artificial," contain

9    artificial and synthetic ingredients, each of which has been declared a recognized

10   synthetic chemical or ingredient by Food and Drug Administration ("FDA")

11   regulations.[1] *See* 7 C.F.R. § 205.605(b).

12          2.      The artificial and synthetic ingredients used by Kashi include, but are

13   not limited to, one or more of the following ingredients: Monocalcium Phosphate,

14   Sodium Citrate, Disodium Phosphate, Xantham Gum, Sodium Acid Pyrophosphate,

15   Glycerin or Vegetable Glycerin, Ascorbic Acid, and Potassium Carbonate a/k/a

16   Cocoa processed with Alkali.

17          3.      Throughout the Class Period, Kashi has touted an "All Natural"

18   product line that contains "nothing artificial" despite the fact that its products

19   contain one or more artificial and synthetic ingredients.  Through its

20   representations, Kashi trumpets the company's "All Natural" food philosophy and

21   its supposed dedication to a healthy diet and wholesome lifestyle and promotes the

22   sale of its products by (a) prominently making the claim "All Natural" on the labels

23   of its food products, even though the food products were actually <u>not</u> "All Natural";

24   and (b) stating on its website that its products contain "nothing artificial" when, in

25   fact, Kashi uses several artificial and synthetic ingredients in its food products.

26   _____

27   [1]   As used throughout this Complaint, Kashi's food products include the products identified
     in paragraphs 31 through 38 of this Complaint.

28

4.     The "All Natural" food products' labels do not expressly disclose that the products actually contain synthetic or artificial ingredients, but only list certain ingredients such as Ascorbic Acid, Disodium Phosphate, Glycerin or Vegetable Glycerin, Monocalcium Phosphate, Potassium Carbonate a/k/a Cocoa processed with Alkali, Sodium Acid Pyrophosphate, Sodium Citrate, and/or Xantham Gum. Despite this listing of ingredients, in light of the labels' "All Natural" representation and the "nothing artificial" representations on Kashi's website, a reasonably prudent consumer would not normally expect the food products to contain any synthetic or artificial ingredients. By providing consumers with products containing false and misleading labeling, Kashi was able to sell these supposedly "All Natural" products containing "nothing artificial" to thousands of unsuspecting consumers in California and throughout the United States and, by doing so, to derive significant profits from its misleading "All Natural" representation.

5.     Kashi's conduct of misrepresenting its products as "All Natural" violates the unlawful, unfair, and fraudulent prongs of California's Business and Professions Code section 17200, *et seq.* (the "UCL"), violates California's Business and Professions Code section 17500 *et seq.* (the "FAL"), violates the Consumers Legal Remedies Act of the California Civil Code § 1750, *et seq.* (the "CLRA"), and gives rise to common law fraud. Plaintiff also alleges that Kashi's conduct is grounds for restitution on the basis of quasi-contract/unjust enrichment.

6.     Plaintiff also seeks injunctive and declaratory relief because, as of the date of this Complaint, retail stores in California and throughout the United States are selling Kashi's food products labeled as "All Natural" to unsuspecting consumers and the Kashi website advertises its food products as containing "nothing artificial" despite the fact that the food products contain synthetic or artificial ingredients. Plaintiff seeks declaratory and injunctive relief to ensure that Kashi removes any and all of the "All Natural" representations from labels on its

1    food products available for purchase and the "nothing artificial" advertising on its

2    website. Plaintiff also seeks declaratory and injunctive relief to prevent Kashi from

3    making the "All Natural" representation on its food product labels and the "nothing

4    artificial" claim on its website in the future, as long as the food products continue to

5    contain synthetic or artificial ingredients. Plaintiff seeks such relief because, even if

6    Kashi elects to remove the "All Natural" representation from the labels and the

7    "nothing artificial" representation from its website, Kashi is not presently enjoined

8    from putting the "All Natural" representation back on its labels and the "nothing

9    artificial" representation on its website at any time it so chooses, even if its food

10    products still contain unnatural synthetic or artificial ingredients.

11        7.    The misleading labeling on food products and on Kashi's website and

12    related misconduct at issue in this Complaint, including, but not limited to: (a) the

13    design of the food products' packaging; (b) the review, approval and revision of

14    food products, labeling, and the representations made on Kashi's website; and (c)

15    the management and supervision of sales operations to Plaintiff and the Class, was

16    conducted and/or was directed primarily from, or at least a substantial proportion

17    emanated from, California.

18        8.    Kashi is incorporated in California, has its principal place of business

19    in La Jolla, California and maintains manufacturing, storage and distribution

20    facilities in California. Kashi operates and directs the majority, or at least a

21    substantial proportion, of its nationwide sales and business operations from the

22    manufacturing, storage and distribution facilities maintained in California. Kashi

23    also operates, manages and directs its nationwide sales and business operations

24    from its offices in California. Further, Kashi's food product labels and the claims

25    made thereon were created, made and/or directed by Kashi primarily from, or at

26    least a substantial proportion emanated from, California.

27

28

1

**PARTIES**

2      9.      Plaintiff Rosaclaire Baisinger, who currently resides at 212 Hugel

3   Drive, Apt. 1E in Pittsburgh, Pennsylvania, 15209, was a resident of San Francisco,

4   California in San Francisco County from September 2001 to September 2010.

5   While Ms. Baisinger was a resident of San Francisco, California, she purchased

6   numerous Kashi food products at several local Safeway and Whole Foods

7   supermarkets. From September 2010 to August 2011, Ms. Baisinger purchased

8   Kashi food products at Giant Eagle supermarkets in Pittsburgh, Pennsylvania. On

9   average, Ms. Baisinger purchased Original 7-Grain GoLean Waffles, Black Bean

10   Mango Kashi Frozen Entrees, and Red Curry Chicken Kashi Frozen Waffles on a

11   monthly basis. She also purchased Chocolate GoLean Crunchy! Bars, Thin Crust

12   Margherita Pizzas, and Honey Almond Flax TLC Chewy Granola Bars

13   approximately five times per year.

14      10.      Ms. Baisinger seeks to live a healthy lifestyle and therefore has paid

15   and continues to pay a premium for foods that are all natural and refrains from

16   buying unnatural foods that contain synthetic and artificial ingredients. Ms.

17   Baisinger believed that the products she purchased were all natural because Kashi

18   represented its products as "All Natural" and containing "nothing artificial" despite

19   the fact that they contained synthetic or artificial ingredients.  Ms. Baisinger relied

20   upon Kashi's labeling and advertising and purchased Kashi products because Kashi

21   touted them as "All Natural" and failed to disclose that they indeed contained

22   synthetic or artificial ingredients. Ms. Baisinger only purchased Kashi products

23   because she desired to eat healthier foods and Kashi represented that its foods were

24   "All Natural" and advertised that Kashi food products contained "nothing artificial"

25   on its website. However, the food products that Ms. Baisinger purchased were not

26   "All Natural" as labeled on its food products and advertised on Kashi's website,

27   thereby causing Ms. Baisinger to purchase products that contained synthetic or

28

COMPLAINT

1   artificial ingredients and interfered with her desire to maintain a wholesome diet
2   and healthy lifestyle.

3       11.   Defendant Kashi Company was founded by Philip and Gayle Tauber
4   in La Jolla, California in 1984. In 1999, Kashi launched its GoLean™ line of
5   products, which includes many of the food products at issue in this complaint.
6   Kellogg Company bought Kashi in June 2000 for $32 million, after Kashi posted
7   record sales of nearly $25 million in 1999. Although Kellogg is headquartered in
8   Battle Creek, Michigan, Kashi continues to operate as an independent business unit
9   at 4275 Executive Square, Suite 500, La Jolla, California, 92037. According to a
10  2009 presentation by David DeSouza, then Vice President and General Manager for
11  Kashi, Kashi's 2008 net sales in North America totaled more than $600 million.[2]
12  Moreover, Kashi touts itself as the "leading natural foods company in the US and
13  the largest in the world."[3] In addition, Kashi is one of the top five
14  Breakfast/Cereal/Snack Bar brands in the United States.[4]

15      12.   Kashi sells, markets, manages and develops a full spectrum of "All
16  Natural" cereal and snack food products, and has expanded its offerings to include
17  frozen foods, such as dinner entrees and pizzas. Since Kashi was founded, it has
18  claimed to produce a variety of food products made entirely with natural
19  ingredients and all natural flavors. Kashi touts its company as one dedicated "To
20  living well. To eating better. To Ingredients grown in the sun."[5] Certainly, the
21  artificial and synthetic ingredients used in Kashi's food products do not "grow in

22

23      [2] David DeSouza, Vice President & General Manager, 2009 Analyst Day: Kashi 2 (2009),
    available at http://files.shareholder.com/downloads/K/1289206394x0x330718/9FB4C725-FAD5-
24  487B-B516-3A22BECDF2FC/11_Kashi_DeSouza.pdf.

25      [3] Kashi: Meet Us, http://www.kashi.com/meet_us/careers (last visited June 14, 2011).

26      [4] *Top Breakfast/Cereal/Snack Bar Brands, 2009*, Market Share Reporter (Robert S. Lazich
    and Virgil L. Burton, III, eds., 2011).

27      [5] http://www.kashi.com/real_food/promise

28

1   the sun" as portrayed on Kashi's website.  In fact, Kashi maintains an "Ingredient
2   Decoder" on its website which allegedly lists artificial and synthetic ingredients that
3   Kashi "uses" and "avoids."  With the exception of glycerin, none of the artificial
4   and synthetic ingredients set forth in ¶ 2, above, are listed on the "Ingredient
5   Decoder" despite the fact that these ingredients are used in Kashi products and run
6   counter to Kashi's touted "All Natural" food philosophy.  Kashi's use of these
7   ingredients contradicts Kashi's supposed philosophy and dedication to a healthy
8   diet and wholesome lifestyle.  As a result of Kashi's misleading labeling and
9   advertising, Kashi causes unsuspecting consumers to purchase its products under
10  the belief that they are purchasing "All Natural" food products containing "nothing
11  artificial" and that these food products are in harmony with their desire to live a
12  healthy lifestyle.

13      13.  Kashi's products are sold and distributed nationwide in grocery stores,
14  natural food stores, and other venues.  Kashi's products are also available online *via*
15  Kashi's online store, http://www.kashistore.com.

16                          **JURISDICTION AND VENUE**

17      14.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(d)(2).
18  The nationwide class ("Class") consists of citizens and residents of states across the
19  country.[6] Kashi is incorporated in California and maintains its principal place of
20  business in California.  Moreover, the aggregate amount in controversy exceeds
21  five million dollars ($5,000,000.00) exclusive of interest and costs.  This sum
22  reflects the combined purchase prices paid by Plaintiff and the Class members, as
23  well as the profits earned by Kashi from those transactions as a direct and
24  proximate result of Kashi's unlawful conduct alleged in this Complaint, which is
25  reflected in the injunctive and equitable relief sought.

26      [6] In the event that a national class is not certified, Plaintiff preserves the right to seek class
27  certification of either a multi-state or California state class against Kashi.

28

                                                        COMPLAINT

1    15.    Venue within this judicial district is proper under 28 U.S.C. § 1391. A

2    substantial portion of the underlying transactions and events set forth in this

3    Complaint occurred and affected persons and entities in this judicial district. Kashi

4    has received substantial compensation from such transactions and business activity

5    in this judicial district.  Specifically, for example, Plaintiff purchased Kashi's "All

6    Natural" products from retail locations in this District.  Moreover, Kashi may be

7    found in this District, and the interstate trade and commerce described in this

8    Complaint is and has been carried out in part within this judicial district.

9

10                              **BACKGROUND**

11    16.    FDA policy instructs that "natural" food includes that without any

12    "added color, artificial flavors, or synthetic substances."[7]

13    17.    **Monocalcium Phosphate**. Monocalcium Phosphate, a recognized

14    synthetic under federal regulation (7 C.F.R. § 205.605(b)), is a chemical made by

15    reacting Calcium Phosphate with Sulfuric Acid or Dicalcium Phosphate with

16    Phosphoric Acid. It is most commonly used in agricultural fertilizers, and it is

17    added to food products as a leavening agent to help baked goods rise.

18    18.    **Sodium Citrate**. Sodium Citrate, the Sodium Salt of Citric Acid, is a

19    recognized synthetic under federal regulation (7 C.F.R. § 205.605(b)). It is made by

20    reacting Sodium Carbonate with Citric Acid. Sodium Citrate is used as a

21    preservative in food as well as to provide tart flavor in juices, soft drinks, club soda,

22    and sometimes sausages.

23

24    ─────────────

25    [7] http://www.fda.gov/AboutFDA/Transparency/Basics/ucm214868.htm. *See also*
      http://www.fda.gov/ForConsumers/ConsumerUpdates/ucm094536.htm and 58 Fed. Reg. 2302,
26    2307 (Jan. 6, 1993) ("[T]he [FDA] will maintain its policy […] regarding the use of 'natural,' as
      meaning that nothing artificial or synthetic (including all color additives regardless of source) has
27    been included in, or has been added to, a food that would not normally be expected to be in the
      food.").

28

1      19.    **Disodium Phosphate**. Disodium Phosphate (a/k/a Disodium

2    Hydrogen Phosphate), a recognized synthetic under federal regulation (7 C.F.R. §

3    205.605(b)), is a synthetic Sodium Salt of Phosphoric Acid. It is generally

4    manufactured by treating Phosphoric Acid with Sodium Bicarbonate, and is used in

5    foods for various purposes such as to enhance the texture of food, as an emulsifier,

6    and as a leavening agent.

7      20.    **Xanthan Gum**. Xanthan Gum, a recognized synthetic ingredient by

8    federal regulation (7 C.F.R. § 205.605(b)), is a Polysaccharide derived from the

9    fermentation of sugars by the *Xanthomonas Campesris* bacterium and purification

10    using Isopropyl Alcohol. It is used as an emulsifier in salad dressings and as a

11    thickening or stabilizing agent in beverages.

12      21.    **Sodium Acid Pyrophosphate**. Sodium Acid Pyrophosphate (SAPP), a

13    recognized synthetic chemical by federal regulation (7 C.F.R. § 205.605(b)), is

14    typically used to prevent discoloration of potatoes and sugar syrups; to prevent grit

15    from forming in canned seafood; and as a leavening agent in baked goods.

16      22.    **Glycerin**. Glycerin (a/k/a Glycerine or Glycerol) is a recognized

17    synthetic under federal regulation (7 C.F.R. § 205.605(b)), which is often derived

18    from Propane. It is used in soap and beauty products for its humectant properties (it

19    absorbs ambient water, sealing in moisture). Glycerin is a permissible additive to

20    food only when produced by hydrolyzing fats and oils. 7 C.F.R. § 205.603. It is

21    used in some food products as a sweetener, preservative, or thickening agent.

22      23.    **Ascorbic Acid**. Ascorbic Acid, a recognized synthetic under federal

23    regulation (7 C.F.R. § 205.605(b)), is a chemically modified form of Vitamin

24    C—whole food Vitamin C contains no ascorbic acid. It is generally produced from

25    corn or wheat starch being converted to Glucose, then to Sorbitol and then to

26    Ascorbic Acid through a series of chemical processes and purification steps.

27    Ascorbic Acid is used in foods as an antioxidant and preservative.

28

1     24.     **Potassium Carbonate/Cocoa Processed with Alkali.** Potassium

2  Carbonate is a recognized synthetic ingredient under federal regulation (7 C.F.R. §

3  205.605(b)). It is prepared by passing an electrical current through Potassium

4  Chloride, and reacting the resulting Potassium Hydroxide with Carbon Dioxide.

5  Potassium Carbonate can be added to foods for its basic (acid neutralizing)

6  properties. In food products, Potassium Carbonate is typically used in alkalized or

7  Dutch-process Cocoa. Unsweetened baking Cocoa powder is usually rendered in

8  one of two forms: unalkalized Cocoa or a version known as alkalized or Dutch-

9  process Cocoa. Unalkalized Cocoa is light in color and somewhat acidic with a

10  strong chocolate flavor. Alkalized Cocoa is processed with an alkali to neutralize

11  its acidity making it slightly milder in taste, with a deeper and warmer color than

12  unalkalized Cocoa. For use in its alkalized form, a Dutching or alkalization takes

13  place during the processing of the Cocoa beans. During this process an alkali,

14  usually either Potassium Carbonate or Sodium Carbonate, is suspended in water to

15  neutralize acids and alter the pH level of the beans. This alkalizing agent darkens

16  the Cocoa, makes it milder in flavor and increases its dispersability. The FDA

17  requires that "when any optional alkali ingredient" is used, "the name of the food

18  shall be accompanied by the statement 'Processed with alkali', or 'Processed with

19  —', the blank being filled in with the common or usual name of the specific alkali

20  ingredient used in the food." 21 C.F.R. § 163.112(c)(1). Kashi's products either

21  expressly identify Potassium Carbonate as the alkalizing agent or list the ingredient

22  as "COCOA (PROCESSED WITH ALKALI)" or "COCOA TREATED WITH

23  ALKALI" without identifying the alkalizing agent. Kashi's products containing

24  Alkalized Cocoa are processed with Potassium Carbonate. Notably, the other

25  commonly used alkali in making Alkalized Cocoa—Sodium Carbonate—is a

26  recognized non-synthetic, natural substance. 7 C.F.R. § 205.605(a). While Kashi

27  may claim some of its products may have, to some degree, used Alkalized Cocoa

28  processed with one or more of these less commonly used alkali substances, it is

                                                                    COMPLAINT

1 | claimed by Plaintiff that the Kashi products did not contain Alkalized Cocoa

2 | processed with one of the non-synthetic alkali substances, and instead contained

3 | Alkalized Cocoa processed with one of the synthetic alkali substances.

## SYNTHETIC OR ARTIFICIAL INGREDIENTS
## IN KASHI'S FOOD PRODUCTS

6 |     25.    Kashi's food products, displaying the "All Natural" representation on

7 | their labels as well as the "nothing artificial" representation made on Kashi's

8 | website, fail to disclose that Kashi's food products in fact contain synthetic or

9 | artificial ingredients.

10 |     26.    Product package labels, dubbed by the FDA as "front-of-package"

11 | labels, are tremendously important with respect to American consumers' selection

12 | of food products. Given the increased public interest in identifying healthier and

13 | wholesome foods, companies use such labeling to catch the attention of time-

14 | crunched shoppers.[8] Consumer research shows that consumers use front-of-package

15 | labels as a helpful time-saver, and a large percentage of consumers trust that all or

16 | most labeling claims are accurate.[9] Significantly, front-of-package labels "make it

17 | less likely that consumers will read the complete Nutrition Facts information on the

18 | back."[10] Kashi preys upon unsuspecting consumers' reliance on the truthfulness of

19 | its "front-of-package" labels by labeling its food "All Natural" and advertising the

20 | food to contain "nothing artificial" despite the fact that the food indeed contains

21 | artificial and synthetic ingredients.

---

[8] http://www.fda.gov/Food/LabelingNutrition/ucm202734.htm and
http://www.fda.gov/Food/LabelingNutrition/LabelClaims/ucm187320.htm#front

[9] *Id.*; 2008 Health and Diet Survey, FDA, available at
http://www.fda.gov/Food/ScienceResearch/ResearchAreas/ConsumerResearch/ucm193895.htm

[10] *Id.*

27.     Health-related nutritional claims on food packaging have increased in the United States as manufacturers seek to influence consumers' purchasing decisions. The FDA's most recent Food Label and Package Survey reports that over half of the food products reviewed had nutrient content claims on the packaging, and almost five percent of food products sold in the United States had either a health claim or a qualified health claim on the food package. A health-related claim on packaging is an important revenue producing mechanism for companies like Kashi because in an ever more health conscious, yet time-crunched culture, American consumers seek wholesome, natural foods to achieve a healthy diet and consider "front-of-package" nutritional claims when selecting and purchasing food items.

28.     Consumers are willing to pay a premium for products labeled as "All Natural" over comparable products that are not "All Natural" based on the implicit health benefits of the former and their desire to maintain a healthy, all-natural, and wholesome diet.

29.     Kashi has used the "All Natural" label to develop its brand by promoting its "All Natural" food philosophy and to sell its food products. Indeed, for the past 27 years, Kashi has cultivated and reinforced a corporate image catered to this "All Natural" theme. The "All Natural" label appears on the food products identified in ¶¶ 31-38 below, even though each of these products uses one or more synthetic or artificial ingredients. The existence of synthetic or artificial ingredients in Kashi's food products renders the use of the "All Natural" label false and misleading. Faced with a choice to manufacture its food products with either (a) natural or (b) synthetic and artificial ingredients, Kashi chose the latter option. Nevertheless, Kashi chose to label its food products as "All Natural" and advertise its food products as containing "nothing artificial" on its website.

30.     Although Kashi labels its food products as "All Natural," these foods in fact contain synthetic or artificial ingredients, including, but not limited to, the

1    ingredients listed in the preceding section of this Complaint. Kashi's "All Natural"
2    food labels state that they contain these ingredients, but such labels never disclosed
3    that these ingredients were synthetic or artificial. This omission is both significant
4    and material, because Kashi's "All Natural" representation on the food products'
5    labels would typically lead a consumer to expect that none of the ingredients in
6    Kashi's food products would be synthetic or artificial, especially in light of the fact
7    that Kashi's website expressly states that its products contain "nothing artificial."

8           31.    Kashi's food labels state that **Monocalcium Phosphate** is used as an
9    ingredient in thirteen of Kashi's food products which otherwise claim to be "All
10   Natural": *Kashi Waffles*: 7 Grain, Blueberry; *TLC Soft-Baked Cookies*: Happy Trail
11   Mix, Oatmeal Dark Chocolate, Oatmeal Raisin Flax; *GoLean Waffles*: Original 7-
12   Grain, Blueberry, Strawberry Flax; and *TLC Crackers*: Honey Sesame, Natural
13   Ranch, Original 7 Grain, Toasted Asiago, Fire Roasted Veggie.[11]

14          32.    Kashi's food labels state that **Sodium Citrate** is used as an ingredient
15   in one of Kashi's food products which otherwise claims to be "All Natural": *TLC
16   Soft-Baked Cereal Bars*: Blackberry Graham.

17          33.    Kashi's food labels state that **Disodium Phosphate** is used as an
18   ingredient in one of Kashi's food products which otherwise claims to be "All
19   Natural": *TLC Crackers*: Country Cheddar.

20          34.    Kashi's food labels state that **Xanthan Gum** is used as an ingredient
21   in sixteen of Kashi's food products which otherwise claim to be "All Natural":
22   *Kashi Thin Crust Pizzas*: Basil Pesto, Caribbean Carnival, Five Cheese & Tomato,
23   Margherita, Mexicali Black Bean, Mushroom Trio & Spinach, Roasted Garlic
24   Chicken, Roasted Vegetable, Tomato Garlic Cheese; *TLC Soft-Baked Cereal Bars*:
25   Baked Apple Spice, Blackberry Graham, Cherry Vanilla, Ripe Strawberry; and

26

27   [11] Attached to this Complaint as Exhibit A is a chart listing each Kashi food product and the
     identified artificial and/or synthetic ingredients contained therein.

28

1    *Kashi Frozen Entrees*: Lemongrass Coconut Chicken, Red Curry Chicken, Spicy

2    Black Bean Enchilada.

3        35.    Kashi's food labels state that **Sodium Acid Pyrophosphate** is used as

4    an ingredient in fifteen of Kashi's food products which otherwise claim to be "All

5    Natural": *TLC Soft-Baked Cereal Bars*: Baked Apple Spice, Blackberry Graham,

6    Cherry Vanilla, Ripe Strawberry; *Kashi Frozen Entrees*: Spicy Black Bean

7    Enchilada; *Kashi Waffles*: 7 Grain, Blueberry; *TLC Crackers*: Fire Roasted Veggie,

8    Natural Ranch, Honey Sesame, Original 7 Grain, Toasted Asiago; and *GoLean*

9    *Waffles*: Original 7-Grain, Blueberry, Strawberry Flax.

10       36.    Kashi's food labels state that **Glycerin** or **Vegetable Glycerin** is used

11    as an ingredient in thirty of Kashi's food products which otherwise claim to be "All

12    Natural": *GoLean Chewy Protein & Fiber Bars*: Chocolate Almond Toffee;

13    *GoLean Protein & Fiber Bars*: Cookies 'N Cream, Oatmeal Raisin; *GoLean*

14    *Crunchy Protein & Fiber Bars*: Chocolate Almond, Chocolate Caramel, Chocolate

15    Peanut, Chocolate Pretzel, Cinnamon Coffee Cake; *GoLean Roll! Protein & Fiber*

16    *Bars*: Caramel Peanut, Chocolate Peanut, Chocolate Turtle, Fudge Sundae, Oatmeal

17    Walnut; *Kashi Cold Cereal*: Granola Mountain Medley; *TLC Soft-Baked Cookies*:

18    Happy Trail Mix, Oatmeal Dark Chocolate, Oatmeal Raisin Flax; *TLC Layered*

19    *Granola Bars f/k/a TLC Fruit & Grain Bars*: Peanutty Dark Chocolate, Cranberry

20    Walnut, Dark Chocolate Coconut, Pumpkin Pecan; *TLC Soft-Baked Cereal Bars*:

21    Baked Apple Spice, Blackberry Graham, Cherry Vanilla, Ripe Strawberry; and

22    *TLC Chewy Granola Bars*: Cherry Dark Chocolate, Dark Mocha Almond, Honey

23    Almond Flax, Peanut Butter, Trail Mix.

24       37.    Kashi's food labels state that **Ascorbic Acid** is used as an ingredient in

25    fourteen of Kashi's food products which otherwise claim to be "All Natural":

26    *GoLean Roll! Protein & Fiber Bars*: Caramel Peanut, Chocolate Peanut, Chocolate

27    Turtle, Fudge Sundae, Oatmeal Walnut; *GoLean Shakes*: Chocolate, Vanilla;

28    *GoLean Crunchy Protein & Fiber Bars*: Chocolate Almond, Chocolate Caramel,

1  Chocolate Peanut, Chocolate Pretzel, Cinnamon Coffee Cake; and *Kashi Frozen*

2  *Entrees*: Black Bean Mango, Sweet & Sour Chicken.

3      38.    Kashi's food labels state that **Potassium Carbonate a/k/a Cocoa**

4  **processed with Alkali** is used as an ingredient in seven of Kashi's food products

5  which otherwise claim to be "All Natural": *GoLean Crunchy Protein & Fiber Bars*:

6  Chocolate Almond, Chocolate Pretzel; *GoLean Roll! Protein & Fiber Bars*:

7  Chocolate Turtle; *GoLean Shakes*: Chocolate; *GoLean Protein & Fiber Bars*:

8  Chocolate Malted Crisp, Peanut Butter & Chocolate; and *Kashi Frozen Entrees*:

9  Southwest Style Chicken.

10

11                  **CLASS ACTION ALLEGATIONS**

12     39.    Plaintiff brings this Class action pursuant to Federal Rule of Civil

13  Procedure 23(a), and 23(b)(1), 23(b)(2) and 23(b)(3), on behalf of herself and on

14  behalf of all other members of the Class ("Class").

15     40.    The Class includes all persons who, for a period of four years prior to

16  the filing of this Complaint, purchased in the United States Kashi's food products

17  bearing the "All Natural" label but that actually contained synthetic or artificial

18  ingredients. The Class excludes: (i) all persons who purchased Kashi's food

19  products for resale; (ii) Kashi and its employees, principals, affiliated entities, legal

20  representatives, successors and assigns; and (iii) the judges to whom this action is

21  assigned and any members of their immediate families.

22     41.    Individual joinder of all Class members would be impracticable

23  because, upon information and belief, there are tens of thousands of Class members

24  who are geographically dispersed throughout the United States.

25     42.    Common questions of law or fact exist as to all members of the Class

26  and predominate over the questions affecting only individual Class members.

27  These common questions include:

28

                                                    COMPLAINT

a.   whether Kashi labeled its food products as "All Natural" and advertised its food products as containing "nothing artificial";

b.   whether Monocalcium Phosphate, Sodium Citrate, Disodium Phosphate, Xantham Gum, Sodium Acid Pyrophosphate, Glycerin or Vegetable Glycerin, Ascorbic Acid, Potassium Carbonate a/k/a Cocoa processed with Alkali, and other ingredients recognized by federal regulation as synthetic or artificial ingredients are used in Kashi's food products labeled as "All Natural" and advertised as containing "nothing artificial";

c.   whether Kashi's labeling of its food products as "All Natural" and advertising of its food products as containing "nothing artificial" is likely to deceive class members and/or the general public;

d.   whether Kashi's representations are unlawful;

e.   the appropriate measure of damages, restitutionary disgorgement and/or restitution.

43.   Plaintiff's claims are typical of the claims of the Class. Plaintiff is a consumer who purchased Kashi's food products labeled as "All Natural" and advertised as containing "nothing artificial" but which actually contained synthetic or artificial ingredients. These purchases were made in the United States during the Class Period. Plaintiff, therefore, is no different in any relevant respect from any other Class member, and the relief sought is common to the Class.

44.   Plaintiff is an adequate representative of the Class, as her interests do not conflict with the interests of the Class members she seeks to represent. Moreover, Plaintiff has retained counsel competent and experienced in conducting complex class action litigation. Together, Plaintiff and counsel will adequately protect the interests of the Class.

COMPLAINT

1    45.    A class action is superior to other available means for the fair and
2    efficient adjudication of this dispute because the damages suffered by each
3    individual Class member likely will be relatively small, especially given the burden
4    and expense of individual prosecution of the complex litigation necessitated by
5    Kashi's unlawful conduct as well as the relatively small cost of the food products at
6    issue. It would be virtually impossible for the Class members individually to
7    effectively redress the wrongs done to them. Even if the Class members could
8    afford individual actions, class-wide litigation would still be preferable since
9    individualized actions present the potential for inconsistent or contradictory
10   judgments. By contrast, a class action presents far fewer management difficulties
11   and provides the benefits of single adjudication, economies of scale, and
12   comprehensive supervision by a single court.

13   46.    In the alternative, the Class may be certified because Kashi has acted
14   or refused to act on grounds generally applicable to the Class, thereby making
15   appropriate preliminary and final equitable relief with respect to the Class.

16   ## VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT

17   47.    Plaintiff repeats each and every allegation above as if fully set forth
18   herein.

19   48.    Concurrently with the filing of this Complaint, Plaintiff sent notice to
20   Kashi regarding its violation of the Consumer Legal Remedies Act ("CLRA"), in
21   accordance with the requirements of Cal. Civ. Code § 1782.

22   49.    If Kashi does not correct, repair, replace, or otherwise rectify the
23   goods or services alleged to be in violation of Section 1770 within the time
24   proscribed by the statute, Plaintiff will amend this complaint to add a cause of
25   action for violation of the CLRA.

26   50.    Kashi is a "person" under § 1761 of the CLRA because it is a
27   corporation.

28

COMPLAINT

1    51.    Plaintiff is a "consumer" within the meaning of § 1761 of the CLRA

2  because she is an individual who purchased goods from Kashi for personal

3  purposes.

4    52.    The conduct complained of herein involves a "transaction" within

5  the meaning of the CLRA.

6    53.    Section 1770 of the CRLA proscribes "unfair methods of

7  competition and unfair or deceptive acts or practices" that are "intended to

8  result in the sale or lease of goods and services to consumers."

9    54.    Kashi engaged in multiple unlawful acts under the CLRA.

10    55.    Kashi has violated, and continues to violate, the CLRA in at least the

11  following three ways:

12      a.    Kashi represents that the transaction had characteristics which it did
13            not have, in violation of Civil Code § 1770(a)(5);

14      b.    Kashi represents that its goods were of a particular standard, quality or
15            grade, which they were not, in violation of Civil Code § 1770(a)(7);
             and

16      c.    Kashi advertised its goods with the intent not to provide what it
17            advertised, in violation of Civil Code § 1770(a)(9).

18    56.    Plaintiff and the Class request that this Court enjoin Kashi from

19  continuing to engage in the foregoing unlawful and deceptive methods, acts and

20  practices, pursuant to California Civil Code § 1780(a)(2). Otherwise, future

21  consumers of Kashi's food products will be damaged by its acts and practices in the

22  same way as have Plaintiff and the Class.

23                          **FIRST CAUSE OF ACTION**
24              **"Unlawful" Business Practices in Violation of**
      **The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§17200, et seq.**
25

26    57.    Plaintiff repeats each and every allegation above as if fully set forth

27  herein.

28

                                                              COMPLAINT

1      58.    Under the UCL, unfair business competition includes any "unlawful,

2    unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or

3    misleading" advertising. Cal. Bus. Prof. Code 17200. A business act or practice is

4    "unlawful" if it violates any established state or federal law.

5      59.    California's Sherman Food, Drug, and Cosmetic Law ("Sherman

6    Law"), Article 6, Section 110660 provides that: "Any food is misbranded if its

7    labeling is false or misleading in any particular."

8      60.    Kashi has violated and continues to violate the Sherman Law, Article

9    6, Section 110660 and, thus, has also violated and continues to violate the

10   "unlawful" prong of the UCL by its use of the term "All Natural" on the labels of

11   its food products which contained any of the following ingredients: Monocalcium

12   Phosphate, Sodium Citrate, Disodium Phosphate, Xantham Gum, Sodium Acid

13   Pyrophosphate, Glycerin or Vegetable Glycerin, Ascorbic Acid, or Potassium

14   Carbonate a/k/a Cocoa processed with Alkali.

15      61.    This conduct also violates the FDA Policy regarding what is "natural"

16   as set forth earlier in this Complaint. This identical conduct also serves as the sole

17   factual basis of each cause of action brought by this Complaint, and Plaintiff does

18   not seek to enforce any of the state law claims raised herein to impose any standard

19   of conduct that exceeds that which would violate the FDA Policy concerning what

20   is "natural."

21      62.    Through the acts and practices alleged above, Kashi has engaged in

22   and continues to be engaged in unlawful business practices within the meaning of

23   California Business and Professions Code 17200 *et seq.*

24      63.    By committing its unlawful acts and practices, Kashi has obtained and

25   continues to obtain money from the Class. Accordingly, Plaintiff requests that this

26   Court cause Kashi to restore this money to Plaintiff and all Class members, to

27   disgorge the profits Kashi made on these transactions, and to enjoin Kashi from

28   continuing to violate the Unfair Competition Law or violating it in the same manner

1 │ in the future as discussed herein. Otherwise, the Class may be irreparably harmed

2 │ and/or denied an effective and complete remedy if such an order is not granted.

### SECOND CAUSE OF ACTION
#### "Unfair" Business Practices in Violation of
#### The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§17200, et seq.

6 │ 64. Plaintiff repeats each and every allegation above as if fully set forth

7 │ herein.

8 │ 65. Under the UCL, unfair business competition includes any "unlawful,

9 │ unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or

10 │ misleading" advertising. Cal. Bus. Prof. Code 17200. A business act or practice is

11 │ "unfair" under the Unfair Competition Law if the gravity of the harm to the alleged

12 │ victims outweighs the reasons, justifications and motives of the alleged wrongdoer.

13 │ 66. Through Kashi's misleading description of its products as "All

14 │ Natural" and containing "nothing artificial" when, in fact, a main ingredient is

15 │ artificial or synthetic and not natural, Kashi has violated and continues to violate

16 │ the "unfair" prong of the UCL. The gravity of the harm to the Class resulting from

17 │ Kashi's unfair acts and practices outweighs any possible reasons, justifications

18 │ and/or motives of Kashi for engaging in such deceptive acts and practices. By

19 │ committing the acts and practices alleged above, Kashi has engaged and continues

20 │ to be engaged in unfair business practices within the meaning of California

21 │ Business and Professions Code 17200 *et seq.*

22 │ 67. By committing its unlawful acts and practices, Kashi has obtained and

23 │ continues to obtain money from the Class. Accordingly, Plaintiff requests that this

24 │ Court cause Kashi to restore this money to Plaintiff and all Class members, to

25 │ disgorge the profits Kashi made on these transactions, and to enjoin Kashi from

26 │ continuing to violate the Unfair Competition Law or violating it in the same manner

27

28

COMPLAINT

1    in the future as discussed herein. Otherwise, the Class may be irreparably harmed

2    and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CAUSE OF ACTION
**"Fraudulent" Business Practices in Violation of**
**The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§17200, et seq.**

6        68.     Plaintiff repeats each and every allegation above as if fully set forth

7    herein.

8        69.     Under the UCL, unfair business competition includes any "unlawful,

9    unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or

10    misleading" advertising. Cal. Bus. Prof. Code 17200. A business act or practice is

11    "fraudulent" under the Unfair Competition Law if it actually deceives or is likely to

12    deceive members of the consuming public.

13        70.     Kashi's acts and practices of mislabeling their products as "All

14    Natural," despite the fact that the products contain synthetic or artificial ingredients,

15    has the effect of misleading consumers into believing the product is something that

16    it is not.

17        71.     Due to Kashi's conduct described above, Kashi has been unjustly

18    enriched and will continue to be unjustly enriched by the profits it has obtained

19    from Plaintiff's and the Class' purchase of Kashi food products.

20        72.     By committing its unfair acts and practices, Kashi improperly obtained

21    and continues to improperly obtain money from the Class. Accordingly, Plaintiff

22    requests that this Court cause Kashi to restore this money to Plaintiff and all Class

23    members, to disgorge the profits Kashi made on these transactions, and to enjoin

24    Kashi from continuing to violate the Unfair Competition Law or violating it in the

25    same manner in the future as discussed herein. Otherwise, the Class may be

26    irreparably harmed and/or denied an effective and complete remedy if such an order

27    is not granted.

28

**COMPLAINT**

## FOURTH CAUSE OF ACTION
### False Advertising in Violation of
### California Business & Professions Code §§17500, et seq.

73. Plaintiff repeats each and every allegation above as if fully set forth herein.

74. Plaintiff brings this cause of action on behalf of herself, members of the Class, as well as the general public.

75. Kashi's use of advertising on its packaging and on its website to sell its food products is deceptive, untrue, or misleading within the meaning of California Business & Professions Code 17500, *et seq.* because those advertising statements are misleading and likely to deceive and continue to deceive members of the Class and the general public.

76. In making and disseminating the statements alleged herein, Kashi knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code 17500, *et seq.*

77. Kashi's misrepresentations and non-disclosures of the material facts set forth above constitute false and misleading advertising and, thus, constitute a violation of California Business & Professions Code 17500, *et seq.*

78. By committing its deceptive acts and practices, Kashi has improperly obtained and continues to improperly obtain money from the Class. Accordingly, Plaintiff requests that this Court cause Kashi to restore this money to Plaintiff and all Class members. Plaintiff further requests that this Court enjoin Kashi from continuing to violate California Business & Professions Code §17500, *et seq.*, as discussed above. Otherwise, the Class will continue to be harmed by Kashi's false and/or misleading advertising.

79. Plaintiff seeks an order of this Court ordering Kashi to fully disclose the true nature of its misrepresentations, pursuant to California Business & Professions Code § 17535. Additionally, Plaintiff requests an order requiring Kashi

COMPLAINT

1    to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully

2    acquired by Kashi by means of its false advertising, plus interest and attorneys' fees

3    so as to restore any and all monies which were acquired and obtained by means of

4    such untrue and misleading advertising, misrepresentations and omissions, and

5    which ill-gotten gains are still retained by Kashi. Plaintiff and the Class may be

6    irreparably harmed and/or denied an effective and complete remedy if such an order

7    is not granted.

8      80.    Kashi's conduct is ongoing and continues to this date. Plaintiff and the

9    Class are therefore entitled to the relief sought.

10

11                 **FIFTH CAUSE OF ACTION**
                     **Fraud in Violation of**

12                **California Civil Code §1572**

13      81.    Plaintiff repeats each and every allegation above as if fully set forth

14    herein.

15      82.    During the Class Period, Kashi's food product labels uniformly

16    misrepresented that the food products were "All Natural." In fact, they contain

17    synthetic or artificial ingredients, including but not limited to Ascorbic Acid,

18    Disodium Phosphate, Glycerin or Vegetable Glycerin, Monocalcium Phosphate,

19    Potassium Carbonate a/k/a Cocoa processed with Alkali, Sodium Citrate, Xantham

20    Gum, and Sodium Acid Pyrophosphate. Although Kashi's labels did uniformly

21    disclose during the Class Period that the "All Natural" food products contained

22    these ingredients (except potassium carbonate which was not separately listed, but

23    was part of the alkalized cocoa and listed as such), the labels uniformly failed to

24    disclose during the Class Period that Kashi used synthetic or artificial ingredients in

25    these products.

26      83.    Kashi's claim on its food product labels that the food products were

27    "All Natural" constitutes an affirmative and intentional act of concealment and non-

28    disclosure because Ascorbic Acid, Disodium Phosphate, Glycerin or Vegetable

1  Glycerin, Monocalcium Phosphate, Potassium Carbonate a/k/a Cocoa processed

2  with Alkali, Sodium Citrate, Xantham Gum, and Sodium Acid Pyrophosphate are

3  all synthetic or artificial ingredients. Kashi had a duty to disclose this material

4  information given its representation on its labels that its food products were "All

5  Natural."

6      84.    Kashi's "All Natural" statements and representations and its

7  affirmative and intentional concealments and omissions described herein were

8  material due to the substantial likelihood that a reasonable prospective purchaser of

9  its food products would have considered them important when deciding whether or

10  not to purchase the products.

11      85.    Kashi knew that its food products were not "All Natural," and

12  uniformly misrepresented its food products as "All Natural" and affirmatively

13  concealed and omitted the truth with the intent and purpose of inducing consumers

14  (*i.e.,* Plaintiff and the Class) to purchase its food products with an intent to deceive

15  Plaintiff and the Class and induce them into purchasing Kashi food products.

16      86.    Kashi misrepresented, concealed, and/or failed to disclose the

17  foregoing material facts from Plaintiff and the members of the Class, with

18  knowledge that these facts may have justifiably induced Plaintiff and the members

19  of the Class to not purchase Kashi's food products and, rather, purchase another

20  manufacturer's products that were actually all natural, or to purchase a less

21  expensive non-natural substitute product.

22      87.    As set forth above, Plaintiff relied on the "All Natural" representation

23  on Kashi's food product labels as a material basis for her decisions to purchase

24  Kashi's food products. Based on the materiality of Kashi's misrepresentations,

25  concealments and omissions uniformly made on or omitted from its food product

26  labels, reliance on those misrepresentations, concealments and omissions as a

27  material basis for the decision to purchase Kashi's food products may be presumed

28  or inferred for all Class members.

88. Kashi carried out the scheme set forth in this Complaint willfully, wantonly and with reckless disregard for the interests of Plaintiff and the Class.

89. Based on the foregoing, Plaintiff and the Class suffered injury by purchasing Kashi's food products represented as "All Natural" which were not, and/or by paying a premium for the supposedly "All Natural" food products over less expensive non-natural alternatives. Accordingly, Plaintiff and the Class are entitled to recover damages, punitive damages, equitable relief such as restitution and disgorgement of profits, and declaratory and injunctive relief.

## SEVENTH CAUSE OF ACTION
### Constructive Fraud in Violation of
### California Civil Code §1573

90. Plaintiff repeats each and every allegation above as if fully set forth herein. Plaintiff pleads this cause of action in the alternative.

91. According to Cal. Civ. Code § 1573, constructive fraud is "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him.

92. During the Class Period, Kashi's food product labels uniformly misrepresented that the food products were "All Natural." In fact, they contain synthetic or artificial ingredients, including but not limited to Ascorbic Acid, Disodium Phosphate, Glycerin or Vegetable Glycerin, Monocalcium Phosphate, Potassium Carbonate a/k/a Cocoa processed with Alkali, Sodium Citrate, Xantham Gum, and Sodium Acid Pyrophosphate. Although Kashi's labels did uniformly disclose during the Class Period that the "All Natural" food products contained these ingredients (except potassium carbonate which was not separately listed, but was part of the alkalized cocoa and listed as such), the labels uniformly failed to disclose during the Class Period that Kashi used synthetic or artificial ingredients in these products.

93.     Kashi's claim on its food product labels that the food products were "All Natural" constitutes a breach of its duty to truthfully represent its food products to consumer because, far from being "All Natural," they contained Ascorbic Acid, Disodium Phosphate, Glycerin or Vegetable Glycerin, Monocalcium Phosphate, Potassium Carbonate a/k/a Cocoa processed with Alkali, Sodium Citrate, Xantham Gum, and Sodium Acid Pyrophosphate, which are all synthetic or artificial ingredients. Kashi had a duty to disclose this material information given its representation on its labels that its food products were "All Natural."

94.     Kashi's "All Natural" statements and representations and its concealments and omissions described herein were material due to the substantial likelihood that a reasonable prospective purchaser of its food products would have considered them important when deciding whether or not to purchase the products.

95.     Kashi knew or recklessly disregarded that its food products were not "All Natural," and uniformly misrepresented its food products as "All Natural" and affirmatively concealed and omitted the truth with the intent and purpose of inducing consumers (*i.e.*, Plaintiff and the Class) to purchase its food products.

96.     Kashi misrepresented, concealed, and/or failed to disclose the foregoing material facts from Plaintiff and the members of the Class, which facts may have justifiably induced Plaintiff and the members of the Class to not purchase Kashi's food products and, rather, purchase another manufacturer's products that were actually all natural, or to purchase a less expensive non-natural substitute product.

97.     As set forth above, Plaintiff relied on the "All Natural" representation on Kashi's food product labels as a material basis for her decisions to purchase Kashi's food products. Based on the materiality of Kashi's misrepresentations, concealments and omissions uniformly made on or omitted from its food product labels, reliance on those misrepresentations, concealments and omissions as a

1  material basis for the decision to purchase Kashi's food products may be presumed

2  or inferred for all Class members.

3       98.     Based on the foregoing, Plaintiff and the Class suffered injury by

4  purchasing Kashi's food products represented as "All Natural" which were not,

5  and/or by paying a premium for the supposedly "All Natural" food products over

6  less expensive non-natural alternatives. Accordingly, Plaintiff and the Class are

7  entitled to recover damages, punitive damages, equitable relief such as restitution

8  and disgorgement of profits, and declaratory and injunctive relief.

9

10                        **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff, on behalf of herself and on behalf of the other

12  members of the Class, seeks judgment and relief as follows:

13       A.     An order certifying that this action is properly brought and may be

14  maintained as a class action, that Plaintiff be appointed Class Representative and

15  Plaintiff's counsel be appointed Counsel for the Class.

16       B.     Restitution in such amount that Plaintiff and all Class members paid to

17  purchase Kashi's food products or paid as a premium over non-natural alternatives,

18  or restitutionary disgorgement of the profits Kashi obtained from those transactions.

19       C.     Compensatory damages.

20       D.     Punitive Damages.

21       E.     A declaration and order enjoining Kashi from advertising its products

22  misleadingly, in violation of California's Sherman Food, Drug and Cosmetic Law

23  and other applicable laws as specified in this Complaint.

24       F.     An order awarding Plaintiff her costs of suit, including reasonable

25  attorneys' fees, expert fees, and pre- and post-judgment interest.

26       G.     An order requiring an accounting for, and imposition of, a constructive

27  trust upon, all monies received by Kashi as a result of the unfair, misleading,

28  fraudulent and unlawful conduct alleged herein.

COMPLAINT

1  H.  Such other and further relief as may be deemed necessary or

2  appropriate.

3  ## DEMAND FOR JURY TRIAL

4  Plaintiff hereby demands a trial by jury on all causes of action and/or issues

5  so triable.

6  Dated: September 15, 2011                Respectfully submitted,

7

8                                           By: _____

9                                           Jason S. Hartley
                                            **STUEVE SIEGEL HANSON LLP**
10                                          550 West C Street, Suite 610
                                            San Diego, California 92101
11                                          Tel: (619) 400-5822
                                            Fax: 619-400-5832

12                                          **LITE DEPALMA GREENBERG, LLC**
                                            Bruce D. Greenberg (*pro hac* to be filed)
13                                          Allyn Z. Lite (*pro hac* to be filed)
                                            Susana Cruz Hodge (*pro hac* to be filed)
14                                          Two Gateway Center, 12th Floor
                                            Newark, NJ 07102
15                                          Tel: (973) 623-3000
                                            Fax: (973) 623-0211
16

17                                          *Attorneys for the Plaintiff and the Class*

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# EXHIBIT A

## Exhibit A

| | Ascorbic Acid | Disodium Phosphate | Glycerin or Vegetable Glycerin | Monocalcium Phosphate | Potassium Carbonate or Cocoa processed with Alkali | Sodium Acid Pyrophosphate | Sodium Citrate | Xanthan Gum |
|---|---|---|---|---|---|---|---|---|
| GOLEAN Bar: Chocolate Malted Crisp | | | | | X | | | |
| GOLEAN Bar: Cookies-N-Cream | | | X | | | | | |
| GOLEAN Bar: Oatmeal Raisin | | | X | | | | | |
| GOLEAN Bar: Peanut Butter & Chocolate | | | | | X | | | |
| GOLEAN Chewy Bar: Chocolate Almond Toffee | | | X | | | | | |
| GOLEAN Crunchy Bars: Chocolate Almond | X | | X | | X | | | |
| GOLEAN Crunchy Bars: Chocolate Caramel | X | | X | | | | | |
| GOLEAN Crunchy Bars: Chocolate Peanut | X | | X | | | | | |
| GOLEAN Crunchy Bars: Chocolate Pretzel | X | | X | | X | | | |
| GOLEAN Crunchy Bars: Cinnamon Coffee Cake | X | | X | | | | | |
| GOLEAN Roll Bar: Caramel Peanut | X | | X | | | | | |
| GOLEAN Roll Bar: Chocolate Peanut | X | | X | | | | | |
| GOLEAN Roll Bar: Chocolate Turtle | X | | X | | X | | | |
| GOLEAN Roll Bar: Fudge Sundae | X | | X | | | | | |
| GOLEAN Roll Bar: Oatmeal Walnut | X | | X | | | | | |
| GOLEAN Shakes: Chocolate | X | | | | X | | | |
| GOLEAN Shakes: Vanilla | X | | | | | | | |
| GOLEAN Waffles: Original 7-Grain | | | | X | | X | | |
| GOLEAN Waffles: Blueberry | | | | X | | X | | |
| GOLEAN Waffles: Strawberry Flax | | | | X | | X | | |
| Kashi Cold Cereal: Granola Mountain Medley | | | X | | | | | |
| Kashi Frozen Entrees: Black Bean Mango | X | | | | | | | |
| Kashi Frozen Entrees: Lemongrass Coconut Chicken | | | | | | | | X |
| Kashi Frozen Entrees: Red Curry Chicken | | | | | | | | X |
| Kashi Frozen Entrees: Southwest Style Chicken | | | | | X | | | |
| Kashi Frozen Entrees: Spicy Black Bean Enchilada | | | | | | X | | X |
| Kashi Frozen Entrees: Sweet & Sour Chicken | X | | | | | | | |
| Kashi Thin Crust Pizzas Basil Pesto | | | | | | | | X |
| Kashi Thin Crust Pizzas: Carribean Carnival | | | | | | | | X |
| Kashi Thin Crust Pizzas: Five Cheese & Tomato | | | | | | | | X |
| Kashi Thin Crust Pizzas: Margherita | | | | | | | | X |
| Kashi Thin Crust Pizzas: Mexicali Black Bean | | | | | | | | X |
| Kashi Thin Crust Pizzas: Mushroom Trio & Spinach | | | | | | | | X |

## Exhibit A

| | Ascorbic Acid | Disodium Phosphate | Glycerin or Vegetable Glycerin | Monocalcium Phosphate | Potassium Carbonate or Cocoa processed with Alkali | Sodium Acid Pyrophosphate | Sodium Citrate | Xanthan Gum |
|---|---|---|---|---|---|---|---|---|
| Kashi Thin Crust Pizzas: Roasted Garlic Chicken | | | | | | | | X |
| Kashi Thin Crust Pizzas: Roasted Vegetable | | | | | | | | X |
| Kashi Thin Crust Pizzas: Tomato Garlic Cheese | | | | | | | | X |
| Kashi Waffles: 7 Grain | | | | X | | X | | |
| Kashi Waffles: Blueberry | | | | X | | X | | |
| TLC Chewy Granola Bars: Cherry Dark Chocolate | | | X | | | | | |
| TLC Chewy Granola Bars: Dark Mocha Almond | | | X | | | | | |
| TLC Chewy Granola Bars: Honey Almond Flax | | | X | | | | | |
| TLC Chewy Granola Bars: Peanut Peanut Butter | | | X | | | | | |
| TLC Chewy Granola Bars: Trail Mix | | | X | | | | | |
| TLC Cookies: Happy Trail Mix | | | X | X | | | | |
| TLC Cookies: Oatmeal Dark Chocolate | | | X | X | | | | |
| TLC Cookies: Oatmeal Raisin Flax | | | X | X | | | | |
| TLC Crackers: Country Cheddar | | X | | | | | | |
| TLC Crackers: Fire Roasted Veggie | | | | X | | X | | |
| TLC Crackers: Honey Sesame | | | | X | | X | | |
| TLC Crackers: Natural Ranch | | | | X | | X | | |
| TLC Crackers: Original 7 Grain | | | | X | | X | | |
| TLC Crackers: Toasted Asiago | | | | X | | X | | |
| TLC Layered Granola Bars: Peanutty Dark Chocolate | | | X | | | | | |
| TLC Layered Granoloa Bars: Cranberry Walnut | | | X | | | | | |
| TLC Layered Granoloa Bars: Dark Chocolate Coconut | | | X | | | | | |
| TLC Layered Granoloa Bars: Pumpkin Pecan | | | X | | | | | |
| TLC Softbaked Cereal Bars: Baked Apple Spice | | | X | | | X | | X |
| TLC Softbaked Cereal Bars: Blackberry Graham | | | X | | | X | X | X |
| TLC Softbaked Cereal Bars: Cherry Vanilla | | | X | | | X | | X |
| TLC Softbaked Cereal Bars: Ripe Strawberry | | | X | | | X | | X |